Christopher Sproul (Cal. Bar No. 126398)
Stuart Wilcox (Cal. Bar No. 327726)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Facsimile: (415) 358-5695
Email: csproul@enviroadvocates.com
Email: wilcox@enviroadvocates.com

Attorneys for Plaintiff
ECOLOGICAL RIGHTS FOUNDATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS; NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants. | Civil Case No. 23-cv-5309<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Ecological Rights Foundation ("EcoRights") alleges as follows:

**INTRODUCTION**

1. EcoRights brings this action under the Freedom of Information Act ("FOIA"), which, amongst other things, allows an aggrieved party to seek relief when records are unlawfully withheld, and authorizes a reviewing court to enjoin the agency from withholding records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. § 552(a)(4)(B). EcoRights seeks declaratory and injunctive relief for FOIA violations by the United States Army Corps of Engineers ("Corps") and the National Marine Fisheries Service ("NMFS"). These FOIA violations relate to two FOIA requests that EcoRights submitted directly to the Corps, two FOIA requests that EcoRights submitted to NMFS where NMFS referred certain records to the Corps for review and production (collectively EcoRights refers to these four FOIA requests as the "FOIA Requests" in this Complaint), and the Corps' and NMFS' failure to comply with the requirements of FOIA with regard to these FOIA Requests.

2. Recognizing that FOIA requesters are harmed when agencies do not ensure prompt public access to agency records, Congress has repeatedly amended FOIA to address unreasonable agency delay. For example, the Electronic Freedom of Information Act Amendments of 1996 confirmed that "[t]he purposes of this Act are to-- (1) foster democracy by ensuring public access to agency records and information; (2) improve public access to agency records and information; (3) ensure agency compliance with statutory time limits; and (4) maximize the usefulness of agency records and information collected, maintained, used, retained, and disseminated by the Federal Government." 110 Stat. 3048, 104 P.L. 231, Sec. 1.

3. Given the time-sensitive nature of FOIA requests, FOIA litigation is subject to expedited judicial consideration. Unlike other civil litigation involving a federal agency, a responsive pleading is required within thirty days of service. 5 U.S.C. § 552(a)(4)(C) ("Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown."). Additionally, Congress has specifically said

that there is "good cause" for expediting hearings in FOIA actions ahead of those in other civil matters. 28 U.S.C. § 1657(a).

4. The two FOIA requests that EcoRights submitted to the Corps relate to correspondence between the Corps and NMFS regarding Daguerre Point Dam, the Brophy Diversion, the Cordua Diversion, Englebright Dam, and the Narrows 1 and Narrows 2 hydropower facilities on the Yuba River in California ("Yuba River Facilities"). The two FOIA requests that EcoRights submitted to NMFS relate to correspondence within NMFS and between the Corps and NMFS regarding the same Yuba River Facilities. The Yuba River Facilities have significant environmental impacts on the Yuba River and the species that inhabit the Yuba River, including chinook salmon and steelhead. EcoRights anticipates that the correspondence requested will shed light on these environmental effects that will inform ongoing and future advocacy efforts.

5. The Corps, on information and belief, has failed to issue a final determination on the two FOIA requests that EcoRights submitted to it, or act on the referral of records from NMFS, in compliance with FOIA's mandatory timelines; improperly withheld agency records that are responsive to the FOIA Requests; failed to conduct an adequate search for records that are responsive to the FOIA Requests; failed to properly utilize a FOIA tracking system to provide information on its processing of the FOIA Requests; failed to provide a required estimated date of completion for the FOIA Requests; and failed to provide the requested records in the readily reproducible form or format that EcoRights has requested. The Corps' violations of FOIA at issue in this case have thwarted EcoRights' efforts to timely receive current information in the Corps' possession, have hampered EcoRights' efforts to serve as an effective public interest watchdog over the Corps' activities, and threaten to interfere with EcoRights' ability to use this information in its ongoing and future advocacy efforts related to the Yuba River.

6. NMFS, on information and belief, has failed to issue a valid final determination on the two FOIA requests that EcoRights submitted to it, including by failing to inform EcoRights whether it will produce the records it has referred to the Corps, in compliance with FOIA's mandatory timelines; improperly withheld agency records that are responsive to the FOIA Requests; failed to conduct an adequate search for records that are responsive to the FOIA Requests; failed to properly utilize a FOIA

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF                         2

tracking system to provide information on its processing of the FOIA Requests; failed to provide a required estimated date of completion for the FOIA Requests; and failed to provide the requested records in the readily reproducible form or format that EcoRights has requested. NMFS' violations of FOIA at issue in this case have thwarted EcoRights' efforts to timely receive current information in NMFS' possession, have hampered EcoRights' efforts to serve as an effective public interest watchdog over NMFS' activities, and threaten to interfere with EcoRights' ability to use this information in its ongoing and future advocacy efforts related to the Yuba River.

## **JURISDICTION**

7. This Court has subject matter jurisdiction under 5 U.S.C. section 552(a)(4)(B), which allows an aggrieved party to seek relief when records are unlawfully withheld, and authorizes a reviewing court to enjoin the agency from withholding records and to order the production of any agency records improperly withheld from the complainant. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

8. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

9. This Court has authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

10. "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

11. The FOIA claims made in this Complaint are ripe for judicial review and the harm the Corps and NMFS have caused to EcoRights can be remedied by an order of this Court.

12. This Court has personal jurisdiction over the Corps, NMFS, and their respective officials because the Corps and NMFS are agencies of the federal government operating within the United States.

**VENUE**

13. Venue in the United States District Court for the Northern District of California is proper under 5 U.S.C. section 552(a)(4)(B) because the complainant has its principal place of business in the Northern District of California and the Corps maintains a major office in the Northern District of California in San Francisco, California wherein, on information and belief, all or some of the agency records at issue are located.

**INTRADISTRICT ASSIGNMENT**

14. Intradistrict assignment of this matter to the San Francisco Division of the Court is appropriate pursuant to Civil Local Rule 3-2(d) because EcoRights' principal counsel resides in San Francisco County; EcoRights' principal place of business is located in Blocksburg, California; and the Corps maintains a major office in San Francisco, California wherein, on information and belief, all or some of the agency records at issue are located.

**THE PARTIES**

15. Plaintiff EcoRights is a non-profit, public benefit corporation, organized under the laws of the State of California, devoted to furthering the rights of all people to a clean, healthful, and biologically diverse environment. To further its environmental advocacy goals, EcoRights actively seeks federal and state agency implementation of state and federal environmental laws and, as necessary, directly initiates enforcement actions on behalf of itself and its members.

16. Any person or entity that submits a FOIA request is deemed to have standing to invoke the jurisdiction of the federal courts to carry out the judicial review provisions of FOIA. EcoRights submitted the FOIA Requests at issue and has standing to bring this FOIA suit.

17. EcoRights brings this action on its own behalf and on behalf of its adversely affected staff and members. EcoRights works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. EcoRights then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources, including reports posted on its website and other websites and through television, radio, and print media interviews. EcoRights' successful efforts at educating the

public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. EcoRights also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

18. EcoRights regularly uses FOIA as an important avenue for gaining information about agency activities. EcoRights is harmed when it is denied timely access to records to which it is entitled. Without this information, EcoRights cannot successfully serve as an effective public interest watchdog ensuring that the federal government is lawfully fulfilling its statutory duties and acting in the public interest.

19. EcoRights intends to continue its use of FOIA to access agency records in the possession of the Corps and NMFS. As one example, EcoRights has concrete plans to submit additional FOIA requests to the Corps and NMFS to follow up on the information learned while reviewing agency records responsive to the present FOIA Requests. EcoRights has also submitted other FOIA requests to the Corps and NMFS in the past.

20. One of the purposes of FOIA is to promote the active oversight role of public advocacy groups incorporated in many federal laws applicable to federal agencies, including the Administrative Procedure Act. *See, e.g.,* 5 U.S.C. §§ 551, *et seq*. EcoRights uses FOIA to publicize activities of federal agencies and to mobilize the public to participate in advocacy to elected and other government officials concerning environmental policies. EcoRights intends to continue using FOIA requests to fulfill its oversight and advocacy role through scrutinizing agency records, a practice Congress intended to promote through the adoption of FOIA. The FOIA Requests seeks to understand the Corps' and NMFS' actions and policies that threaten the Yuba River. This harm can be remedied in part by ensuring EcoRights has prompt access to public records going forward.

21. EcoRights, its staff, or one or more of its members have and will suffer direct injury by the Corps' and NMFS' failure to comply with the statutory requirements of FOIA, and a favorable outcome of this litigation will redress that injury. The Corps' and NMFS' refusals to provide timely and

complete FOIA access to agency records prevents EcoRights' ability to participate as an informed watchdog. Harm to the environment and to people flows from the Corps' and NMFS' FOIA violations, which conceal the facts and circumstances surrounding the Corps' and NMFS' actions and inactions regarding the Yuba River Facilities and will result in lesser citizen enforcement of environmental and public information laws.

22. EcoRights is also harmed by the Corps' and NMFS' failure, on information and belief, to provide estimated completion dates and to use their tracking systems to provide, amongst other things, estimated completion dates for the FOIA Requests. This failure prevents EcoRights from planning for review of the records, deprives EcoRights of information pertinent to evaluating whether litigation is needed to quickly secure the records that it has requested, and prevents EcoRights from communicating with the Corps and NMFS about the FOIA Requests.

23. EcoRights is also harmed by the Corps' and NMFS' failure to provide the requested records in the readily reproducible form or format that EcoRights has requested. Such failure complicates EcoRights' use and review of the records.

24. Defendant the Corps is an agency as defined by 5 U.S.C. § 552(f)(1) that, *inter alia*, implements various public works projects and exercises regulatory authority under the Clean Water Act ("CWA") and other statutes, including exercising regulatory authority over at least certain aspects of the Yuba River Facilities. FOIA charges the Corps with the duty to provide public access to agency records in its possession or control. The Corps possesses records responsive to the FOIA Requests. The Corps is denying EcoRights access to its records in contravention of federal law.

25. Defendant NMFS is an agency as defined by 5 U.S.C. § 552(f)(1) that is responsible for taking certain conservation actions affecting, *inter alia*, anadromous fish species, including those anadromous fish species harmed by the Yuba River Facilities. FOIA charges NMFS with the duty to provide public access to agency records in its possession or control. NMFS possesses records responsive to the FOIA Requests. NMFS is denying EcoRights access to its records in contravention of federal law.

26. The Corps and NMFS failed to lawfully make determinations on the FOIA Requests within the statutory twenty-business-day limit. As of this filing, the Corps and NMFS possess, control,

and unlawfully withhold agency records and information in agency records responsive to the FOIA Requests that is not subject to a FOIA exemption and/or release of which would not cause foreseeable harm. As of this filing, on information and belief, the Corps and NMFS have not completed FOIA-compliant searches for records responsive to the FOIA Requests. As of this filing, on information and belief, the Corps and NMFS have not properly provided EcoRights with estimated completion dates or used their FOIA tracking systems to provide EcoRights with estimated completion dates for the FOIA Requests. As of this filing, the Corps and NMFS have not provided the requested records in the readily reproducible form or format that EcoRights has requested.

## STATUTORY AND REGULATORY BACKGROUND

27. FOIA was amended in 2007 to reaffirm that Congress, through FOIA, continues to seek to "ensure that the Government remains open and accessible to the American people and is always based not upon the 'need to know' but upon the fundamental 'right to know.'" Pub. L. No. 110-175, 121 Stat. 2524, Section 2 ¶ 6 2007).

28. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, and this puts all questions of FOIA compliance, including but not limited to failure to comply with the twenty-business-day determination deadline, within the jurisdiction of the federal courts. 5 U.S.C. § 552(a)(6)(C)(i).

29. FOIA requires that an agency disclose records to any person except where the record falls under a specifically enumerated exemption. 5 U.S.C. § 552. The courts have emphasized the narrow scope of these exemptions and "the strong policy of the FOIA that the public is entitled to know what its government is doing and why." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980).

30. When an agency decides to withhold records under a claim of exemption, it must notify the person making the request of that determination and the reasons therefor. 5 U.S.C. § 552(a)(6)(A)(i). Government agencies bear the burden of proof to show that any withheld records are exempt from the otherwise complete duty to disclose. 5 U.S.C. § 522(a)(4)(B).

31. The FOIA Improvement Act of 2016 ("FIA") made significant amendments to FOIA, effective as of enactment on June 30, 2016. The amendments include changes to the standard by which an agency must evaluate potential withholdings. The FIA dictates that agencies shall withhold information only if disclosure would harm an interest protected by an exemption – what is referred to as the "foreseeable harm standard" – even if that information is arguably subject to an exemption claim by the agency. 5 U.S.C. § 552(a)(8)(A)(i).

32. 5 U.S.C. § 552(a)(6)(A)(i) requires that an agency provide enough information, presented with sufficient detail, clarity, and verification, so that the requester can fairly determine what has not been produced and "the reasons therefore."

33. FOIA also requires an agency to consider partial disclosure whenever the agency determines that full disclosure of a requested record is not possible and to take reasonable steps necessary to segregate and release nonexempt information. 5 U.S.C. § 552(a)(8)(A).

34. In addition to explicit withholdings, an agency's process for addressing FOIA requests also constitutes "withholding" if its net effect is to significantly impair the requester's ability to obtain the records or significantly increase the amount of time he or she must wait to obtain them. *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983), *vacated in part on other grounds*, 711 F.2d 1076 (1983).

35. FOIA requires that an agency, upon any request for records, shall promptly make the records available. 5 U.S.C. § 552(a)(3)(A). An agency shall make a determination whether to comply with a request within twenty business days after the receipt of the request and shall immediately notify the party making the request of such determination, the reasons for the determination, and the party's right to appeal. 5 U.S.C. § 552(a)(6)(A)(i).

36. Federal agencies are under a duty to conduct a reasonable search for records responsive to a party's request using methods that can be reasonably expected to produce the records requested to the extent those records exist. 5 U.S.C. § 522(a)(3)(C).

37. In 2007, to remedy widespread and casual violations of FOIA deadlines, Congress also imposed a duty on agencies to provide requesters with tracking numbers for any FOIA request that will take over 10 days to process, to provide and use a website or telephone number that requesters can

access to track the status of their FOIA requests, and to provide an estimated completion date for those requests. 5 U.S.C. § 552(a)(7).

38.     Further, FOIA requires that agencies shall provide FOIA records "in any form or format requested by the person if the record is readily reproducible by the agency in that form or format" and that agencies "shall make reasonable efforts to maintain its records in forms or formats that are reproducible for purposes of this section." 5 U.S.C. § 552(a)(3)(B).

39.     FOIA disputes are normally resolved on summary judgment, with the burden of proving FOIA compliance falling on the agency even if the requester files, or cross-files, for summary judgment. The agency must carry its burden of demonstrating all elements of FOIA compliance.

## FACTUAL BACKGROUND

40.     On May 8, 2023, EcoRights submitted a FOIA request to the Corps requesting all correspondence between the Corps and NMFS concerning Daguerre Point Dam, the Brophy Diversion, and the Cordua Diversion on the Yuba River in California from January 1, 2022 through the Corps' determination on the request. The Corps assigned this FOIA request tracking number FA-23-0085.

41.     Also, on May 8, 2023, EcoRights submitted a FOIA Request to the Corps requesting all correspondence between the Corps and NMFS concerning Englebright Dam, and the Narrows 1 and Narrows 2 hydropower facilities on the Yuba River in California from October 3, 2019 through the Corps' determination on the request. The Corps assigned this FOIA request tracking number FA-23-0084.

42.     On May 10, 2023, the Corps wrote to EcoRights to "clarify" FA-23-0084 and FA-23-0085. The Corps requested that EcoRights explain to which division of the Corps FA-23-0084 and FA-23-0085 relate and also said "I read your requests to be for correspondence between the [Corps] (at any level) and NMFS. *If this is incorrect*, please clarify." (Emphasis added).

43.     That same day, counsel for EcoRights responded to the request for clarification regarding the correct division of the Corps. Because the Corps only asked for clarification of whether the request includes correspondence between the Corps and NMFS "[i]f [the Corps' understanding] is incorrect," further clarification on that point was not requested and thus was not necessary. Counsel also believed

such point was plain from the fact that FA-23-0084 and FA-23-0085 both reference correspondence with NMFS explicitly on their face.

44. After receiving the above clarification, on May 16, 2023, the Corps wrote to EcoRights and saying FA-23-0084 and FA-23-0085 were "perfected in this office on May 16, 2023." A perfected FOIA request is one where the submitter has provided all necessary information for the agency to begin processing the request. *See, e.g., Facebook, Inc. & Subsidiaries v. IRS*, No. 16-05884, 2017 U.S. Dist. LEXIS 94200, at *11 (N.D. Cal. June 19, 2017).

45. The Corps' May 16, 2023 message also stated it had initiated a search "for all responsive materials," that "any releasable materials will be made available at the earliest possible date," and that "[y]ou may expect a further response to be sent out from this office within the next 20 working days." This further indicated the Corps' position that FA-23-0084 and FA-23-0085 were perfected requests and that the Corps would process them within twenty business days of May 16, 2023, *i.e.* by June 14, 2023, as required by FOIA.

46. Having received no records or further correspondence from the Corps despite the FOIA final determination deadline having already run, counsel for EcoRights reached out to the Corps again on July 7, 2023, informing the Corps of these shortcomings and of its violations of FOIA's deadlines with regard to FA-23-0084 and FA-23-0085. EcoRights informed the Corps that it was considering legal action to address the Corps' failures to properly process these requests at that time.

47. The Corps responded that, contrary to the Corps' statement that FA-23-0084 and FA-23-0085 were perfected at least as of May 16, 2023, which starts the clock for FOIA's deadlines, the Corps took the position that EcoRights' May 10, 2023 response to the Corps' request for clarification was insufficient to perfect the request. The Corps stated this clarification was insufficient because it did not respond to the Corps' second question about correspondence with NMFS, which response was, at most and by its terms, only necessary "[i]f [the Corps' understanding] is incorrect." The Corps used this as its excuse for its failure to timely process FA-23-0084 and FA-23-0085.

48. After this conferral with EcoRights' counsel, the Corps, on July 10, 2023, again confirmed that FA-23-0084 and FA-23-0085 were perfected and that it would complete processing of FA-23-0084 and FA-23-0085.

49. Twenty business days from July 10, 2023 is August 7, 2023.

50. As of filing, the corps has produced no records and has not produced a final determination for either FA-23-0084 or FA-23-0085.

51. EcoRights also submitted four companion FOIA requests to NMFS on May 8, 2023, requesting internal NMFS correspondence and correspondence between NMFS and the Corps regarding the Yuba River Facilities.

52. EcoRights agreed to consolidate two of these FOIA requests, DOC-NOAA-2023-010050 and DOC-NOAA-2023-010051, under tracking number DOC-NOAA-2023-010051.

53. On July 7, 2023, NMFS informed EcoRights that it had referred 63 records that are responsive to DOC-NOAA-2023-010051 to the Corps "for a release determination/direct response to you" and that "[t]his letter completes [NMFS] response to [EcoRights'] request." This appears to have been intended as a final determination, but it plainly does not provide a final response regarding the 63 referred records. As of filing, neither NMFS nor the Corps has ever produced any of these referred responsive records to EcoRights.

54. On August 22, 2023, NMFS informed EcoRights that it had referred 1 record that is responsive to DOC-NOAA-2023-010053, one of the other two May 8, 2023 NMFS FOIA requests, to the Corps "for a release determination/direct response to you" and that "[t]his letter completes [NMFS] response to [EcoRights'] request." This again appears to have been intended as a final determination, but it also plainly does not provide a final response regarding the referred record. As of filing, neither NMFS nor the Corps has ever produced this responsive record to EcoRights.

55. The above Corps and NMFS FOIA Requests, and the Corps' and NMFS' violations of FOIA related to them, are the basis for this lawsuit.

56. As of this filing, EcoRights has not received any further updates from NMFS and/or the Corps since those discussed above. As of this filing, EcoRights has not received an updated estimated

completion date. On information and belief, as of this filing, EcoRights has not been informed of any website or telephone number whereby it can track the status of its FOIA Requests.

57. As of this filing, EcoRights has not received any records responsive to the FOIA Requests from the Corps or the records from NMFS for which it sought Corps conferral. As a result, as of this filing, the Corps and NMFS currently possess or control, and are constructively withholding, these agency records, which are responsive to EcoRights' FOIA Requests and are not subject to a FOIA exemption. The Corps' and NMFS' withholding of these and the other wrongfully withheld agency records is unlawful.

58. As of this filing, on information and belief, the Corps and NMFS have failed to complete FOIA compliant searches for records responsive to the FOIA Requests.

59. The Corps' and NMFS' final determinations on the FOIA Requests have long since passed. However, as of this filing, neither NMFS nor the Corps has made and communicated a valid final determination for the FOIA Requests. This is both a violation of FOIA's deadlines and a constructive withholding of records.

60. As of this filing, neither the Corps nor NMFS has produced any requested records in the form or format requested by EcoRights, despite that the records are readily reproducible in such form or format.

61. EcoRights now turns to this Court to provide relief that ensures EcoRights, its membership, and the public have the prompt public access to agency records guaranteed by FOIA. 5 U.S.C. § 552(a)(6).

## FIRST CLAIM FOR RELIEF

### Violation of FOIA - Constructive Denial and Unlawfully Withholding Agency Records Responsive to the FOIA Requests

62. EcoRights repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

63. Neither the Corps nor NMFS has communicated to EcoRights the complete scope of the records it intends to produce and withhold in response to the FOIA Requests or its reasons for

withholding all withheld records, and has not disclosed to EcoRights all or, in the case of the Corps, any records responsive to the FOIA Requests that are not properly subject to FOIA withholding.

64. The Corps and NMFS violated FOIA by failing to provide a lawful determination and response to EcoRights' FOIA Requests within the statutory twenty-business-day period. 5 U.S.C. § 552(a)(6)(A)(i).

65. This failure to make lawful determinations on EcoRights' FOIA Requests within the timeframe required by FOIA is a constructive denial and wrongful withholding of the records EcoRights requested, in violation of FOIA. 5 U.S.C. § 552(a)(6)(A)(i), (C)(i).

66. The Corps and NMFS continue to violate FOIA by not making valid final determinations on the FOIA Requests and by not making all responsive records promptly available to EcoRights. 5 U.S.C. § 552(a).

## SECOND CLAIM FOR RELIEF

**Violation of FOIA - Unlawfully Withholding Agency Records**

**Responsive to the FOIA Request that are Not Subject to a FOIA Exemption and/or Disclosure of Which Would Not Cause Foreseeable Harm**

67. EcoRights repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

68. EcoRights has a statutory right to the records it seeks, and there is no legal basis for the Corps or NMFS to assert that any of FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(l)-(9).

69. Disclosure of these records would also not cause foreseeable harm. *See* 5 U.S.C. § 552(a)(8)(A)(i).

70. The Corps and NMFS continue to violate FOIA by illegally withholding agency records that are responsive to the FOIA Requests, but which the Corps and NMFS have not demonstrated are subject to any FOIA withholding provision; which, on information and belief, are not subject to any such provision; and, on information and belief, disclosure of which would not cause foreseeable harm. 5 U.S.C. § 552(b), (a)(8)(A)(i).

**THIRD CLAIM FOR RELIEF**

**Violation of FOIA – Failure to Conduct Adequate Searches**

71. EcoRights repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

72. EcoRights has a statutory right to have the Corps and NMFS process its FOIA Requests in a manner that complies with FOIA. EcoRights' statutory rights in this regard were violated when the Corps and NMFS unlawfully failed to undertake a search reasonably calculated to locate records responsive to the FOIA Requests.

73. The Corps and NMFS continue to violate FOIA by failing to conduct and document lawful searches for responsive records, which is a condition precedent to a lawful determination. On information and belief, the Corps and NMFS have withheld responsive agency records due to unlawfully narrow searches. 5 U.S.C. § 552(a)(3)(B)-(C).

**FOURTH CLAIM FOR RELIEF**

**Violation of FOIA – Failure to Use the FOIA Tracking System**

74. EcoRights repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

75. FOIA mandates that each agency shall maintain a website or telephone system that provides information about the status of a FOIA request to the person making the request that uses the assigned tracking number and includes the date on which the agency originally received the request and an estimated date on which the agency will complete action on the request. 5 U.S.C. § 552(a)(7).

76. On information and belief, the Corps and NMFS do not utilize a telephone line dedicated to tracking FOIA request status.

77. On information and belief, the Corps and NMFS have not used an online FOIA tracking systems to provide the required information on EcoRights' FOIA Requests.

78. On information and belief, the Corps and NMFS have ignored a statutory duty and thereby denied EcoRights the statutory benefit of the FOIA tracking system mandated by Congress. 5 U.S.C. § 552(a)(7).

**FIFTH CLAIM FOR RELIEF**

**Violation of FOIA – Failure to Provide Estimated Completion Dates**

79. EcoRights repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

80. Pursuant to 5 U.S.C. § 552(a)(7)(B)(ii), the Corps and NMFS must provide EcoRights with "estimated date[s] on which the agenc[ies] will complete action on the request[s]."

81. The Corps and NMFS have failed to provide EcoRights with estimated dates of completion for its pending FOIA Requests. In so doing, The Corps and NMFS have violated 5 U.S.C. § 552(a)(7)(B)(ii).

**SIXTH CLAIM FOR RELIEF**

**Violation of FOIA – Failure to Provide Records in Requested Form or Format**

82. EcoRights repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

83. Pursuant to 5 U.S.C. § 552(a)(3)(B), the corps and NMFS are required to provide FOIA records "in any form or format requested by the person if the record is readily reproducible by the agency in that form or format" and to "make reasonable efforts to maintain its records in forms or formats that are reproducible for purposes of this section."

84. Despite the FOIA Requests having clear provisions requiring that records be produced in certain formats, none of the records produced to date have been in those requested formats. The Corps and NMFS have thus violated 5 U.S.C. § 552(a)(3)(B).

**REQUEST FOR RELIEF**

WHEREFORE, EcoRights respectfully requests that this Court enter judgment providing the following relief:

A. Enter findings and declare that the Corps and NMFS violated their duties to comply with FOIA's statutory deadlines with regard to EcoRights' FOIA Requests;

B. Enter findings and declare that the Corps and NMFS violated FOIA by unlawfully withholding agency records responsive to EcoRights' FOIA Requests;

1       C.     Enter findings and declare that the Corps and NMFS violated FOIA by failing to conduct searches reasonably calculated to locate the records responsive to EcoRights' FOIA Requests;

      D.     Enter findings and declare that the Corps and NMFS violated FOIA by failing to properly use the FOIA-mandated tracking system for EcoRights' FOIA Requests;

      E.     Enter findings and declare that the Corps and NMFS have violated their duty to provide EcoRights with the estimated completion dates for EcoRights' FOIA Requests;

      F.     Enter findings and declare that the Corps and NMFS have violated their duty to provide EcoRights with records in the form or format requested;

      G.     Direct by order that the Corps and NMFS provide EcoRights with lawful determinations on EcoRights' FOIA Requests by a date certain;

      H.     Direct by order that the Corps and NMFS conduct lawful searches for responsive records;

      I.     Direct by order that the Corps and NMFS provide within ten business days all agency records responsive to EcoRights' FOIA Requests that are not properly subject to withholding pursuant to one of the nine recognized FOIA exemptions and/or for which the Corps and NMFS cannot show foreseeable harm;

      J.     Direct by order that the Corps and NMFS provide the requested records in the form or format that EcoRights requested;

      K.     Direct by order that the Corps and NMFS provide EcoRights with a detailed statement justifying each withholding of an agency record, or portions thereof, in accordance with the indexing requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974);

      L.     Grant EcoRights' costs of litigation, including reasonable attorney fees as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

      M.     Provide such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED, October 17, 2023.**

*Christopher A. Sproul*
_____
Christopher Sproul (CA Bar No. 126938)
Environmental Advocates
5135 Anza Street

COMPLAINT FOR DECLARATORY       16
AND INJUNCTIVE RELIEF

San Francisco, CA 94121
(415) 533-3376
csproul@enviroadvocates.com

*Attorney for Plaintiff*